# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Trans Advantage, Inc.,<br><br>             Plaintiff,<br><br>vs.<br><br>Pinos Altos Group, Inc., Jaime Gomez and Reina Gomez,<br><br>             Defendants. | CV 14-1005-TUC-FRZ (JR)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff Trans Advantage, Inc.'s Motion for Remand (Doc. 9). In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation.[1] As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, grant Trans Advantage's motion.

---

[1] Although apparently not addressed by the Ninth Circuit, other courts have held that motions to remand and for venue transfer are treated as dispositive motions. *See In re U.S. Healthcare*, 159 F.3d 142, 146 (3rd Cir. 1998) (motion for remand); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 996 (10th Cir. 2000) (same); *Williams v. Beemiller, Inc.*, 527 F.3d 259, 265-66 (2nd Cir. 2008) (collecting cases); *Payton v. Saginaw County Jail*, 743 F.Supp.2d 691, 692 (E.D. Mich. 2010) (venue transfer). As such, the Magistrate Judge will treat the motion as dispositive and issues this Report and Recommendation.

I. BACKGROUND

Plaintiff Trans Advantage, Inc. ("Trans Advantage") originally filed this action in the Circuit Court of St. Louis County in the State of Missouri on November 6, 2013. See *Petition*, attached to Notice of Removal (Doc. 1). Named as defendants in the action are Pinos Altos Group, Inc., Jaime Gomez, and Reina Gomez. *Id*. Trans Advantage alleged that the Defendants had failed to make payments on several equipment leases executed by and between the parties and thereby breached the contracts. *Petition*, pp. 2-5 and 7-8. The Petition also alleges that Defendants Jaime Gomez and Reina Gomez breached their duties under personal guarantees of the equipment leases. *Id*., pp. 5-7.

On January 27, 2014, Defendants Jaime Gomez and Reina Gomez filed a Notice of Removal removing the action from the Missouri State Court to this Court, alleging that the removal was timely, the venue was proper under 28 U.S.C. § 1446(a), and alleging diversity jurisdiction(Doc. 1). On February 20, 2014, Trans Advantage filed its Motion to Remand (Doc. 9). Defendants Jaime Gomez and Reina Gomez filed their response (Doc. 10), and Trans Advantage has filed its reply (Doc. 11).

II. DISCUSSION

A. **Defendants' removal was improper under 28 U.S.C. § 1441(a).**

Trans Advantage correctly argues that removal was improper because the statute, 28 U.S.C. § 1441(a), permits removal only "to the district court of the United States for the district and division embracing the place where such action is pending."

2

*See also* 28 U.S.C. § 1446 (providing procedure for removal by refiling the action in the district court for the district and division within which the action is pending); *Doe ex rel. Hughes v. Martinez*, 674 F.Supp.2d 1282, 1284 (D. N.M. 2009) (remanding a case filed in Arizona and removed to federal court in New Mexico). This action was originally filed in St. Louis, Missouri. The federal district embracing that location is the Eastern District of Missouri, not the District of Arizona.

**B.     Defendants' removal was untimely.**

The removal statute on which the Defendants rely, 28 U.S.C. § 1446(b), in relevant part requires that the notice of removal of a civil action be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b)(1). This statute is "strictly construed, and any doubt about the right of removal requires resolution in favor of remand. The presumption against removal means that the defendant always has the burden of establishing that removal is proper." *Moore–Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citation and internal quotation omitted); *see also Lanza v. Ashcroft*, 389 F.3d 917, 930 (9th Cir. 2004) ("There is a general presumption against federal court review, and the burden of establishing the contrary rests on the party asserting jurisdiction."). Thus, "Section 1446(b)'s time limit is mandatory [such that] a timely objection to a late petition will defeat removal . . . ." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 n. 4 (9th Cir. 2013) (citations and internal quotation omitted).

Here, the Defendants admit in their Notice of Removal that the action was filed in Missouri on November 6, 2013, was served on December 2, 2013, but that their Notice of Removal was nevertheless timely when filed in this Court more than 30 days later on January 27, 2014.  *Notice of Removal*, p. 2.  The Defendants do claim that Trans Advantage "provided an extension to respond until February 3, 2014," but do not offer an explanation or authority supporting the notion that the purported extension somehow tolled the removal requirements of section 1446.  As such, they have not carried their burden of establishing that removal was timely.

### C. The forum selection clause precludes removal to Arizona.

At least one of the lease agreements allegedly breached by the Defendants provides that all actions relating to the lease "be litigated exclusively in the Missouri Circuit Court for St. Louis County, Missouri or the United States District Court for the Eastern District of Missouri, Eastern Division . . . ." *Petition* (attached to *Notice of Removal*), Ex. B, ¶ 22.  The same lease also provides that the lessee "irrevocably submits and consents to the jurisdiction and venue of the Missouri Circuit Court for St. Louis County, Missouri or the United States District Court for the Eastern District of Missouri, Eastern Division . . . ." *Id.*  Forum selection clauses such as this are presumptively valid and the party challenging the clause "bears a heavy burden of proof" and "must clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-15 (1972); *Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2003); *Manetti-Farrow, Inc. v. Gucci*

*America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988). The party opposing enforcement of such a clause "has the heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that the party effectively would be denied a meaningful day in court." *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir.1996); *Manetti-Farrow*, 858 F.2d at 515.  Enforcement of a forum selection clause may be unreasonable if: (1) the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; or (3) enforcement would contravene a strong public policy of the forum in which the suit is brought. *Murphy*, 362 F.3d at 1140.

In their response, the Defendants do not even address the forum selection clause contained in the lease.  On the record before the Court there is no evidence of fraud or overreaching, that enforcement of the clause would deprive the Defendants of their day in court, or that there is some public policy that strongly favors the suit being heard in Arizona.  The Defendants have therefore not satisfied their burden. Thus, the forum selection clause is presumptively valid and Missouri is the presumptively proper venue for this suit. *See Murphy*, 362 F.3d at 1140.

**III.     RECOMMENDATION**

Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court, after its independent review, **grant** Trans Advantage's Motion for Remand (Doc. 9).

1        This Recommendation is not an order that is immediately appealable to the
2   Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1),
3   Federal Rules of Appellate Procedure, should not be filed until entry of the District
4   Court's judgment.
5        However, the parties shall have fourteen (14) days from the date of service of
6   a copy of this recommendation within which to file specific written objections with
7   the District Court.  *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the
8   Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen (14) days
9   within which to file a response to the objections.  Replies shall not be filed without
10  first obtaining leave to do so from the District Court.  If any objections are filed, this
11  action should be designated case number: **CV 14-1005-TUC-FRZ**.  Failure to timely
12  file objections to any factual or legal determination of the Magistrate Judge may be
13  considered a waiver of a party's right to *de novo* consideration of the issues.  *See*
14  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003)(*en banc*).
15      Dated this 26th day of March, 2014.

_____
Jacqueline M. Rateau
United States Magistrate Judge

6